UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Larry Harrison** *(aka Larry L. Harrison, formerly #41620)*, #296229,<br><br>              Plaintiff;<br><br>vs.<br><br>S.C. Dept. of Corrections;<br>Warden Willie L. Eagleton (Evans CI.);<br>C/O NFN Stanton;<br>Sgt. Brown (Evans CI.);<br>C/O Miss NFN Gibbons (P.C.O. Evans CI.);<br>Miss NFN Skipper (I/M Griev. Cord.); and<br>Lt. NFN Graham (Evans CI. Contraband),<br>              Defendants. | C/A No. 2:05-1124-DCN-RSC<br><br><br><br><br><br>**Report and Recommendation** |

A *pro se* Complaint captioned "State of South Carolina, County of Richland, In the Court of Common Pleas" and titled "State Tort Claim" was received by this Court and filed in this case. The Complaint was mailed by Plaintiff, an inmate at Evans Correctional Institution, in an envelope addressed to the "Clerk of Court Richland County" but with the former street address of this Court (1845 Assembly Street, Columbia, SC 2901) printed on the envelope. The United States Postal Service resolved the apparent conflict between the name of the addressee and street address by delivering the envelope to this Court, rather than to the proper address of the Clerk of Court for Richland County, South Carolina: **P. O. Box 192, Columbia, SC 29202 (1701 Main Street, Columbia, SC 29201)**. This *pro se* case was then opened by the Office of the Clerk of Court of this Court.

Upon initial review of this *pro se* case,[1] it is obvious that this Complaint was delivered to this Court in error and that Plaintiff did not intend to file his case in the United States District Court for the District of South Carolina. Instead, from the numerous citations to various South Carolina state constitutional provisions and statutes within the body of the Complaint coupled with the clear caption on the Complaint, it is clear that Plaintiff intended to file his case in state court, not in federal court. As a result, this case should be summarily dismissed without prejudice and without consideration of the merits of any of the allegations contained in the Complaint. **A copy of the Complaint, the verification and application to proceed, and Plaintiff's cover letter addressed to the "Clerk of Court Richland County" should be returned to Plaintiff along with his copy of this Report and Recommendation so that he can file it in the intended court at the address given above.**

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

S/Robert S. Carr
United States Magistrate Judge

April 25, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
